**FILED**

AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

## Northern District of California

MAY 2 0 2011

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**EMC**

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| BRIAN SIMONESCHI | ) Case No. 3  11  7 0 5 6 0 |
| | ) |
| *Defendant* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 05/10/2009 in the county of Contra Costa in the Northern District of California , the defendant violated 18 U. S. C. § 2250(a) and (c) , an offense described as follows:

Knowing Failure to Register as a Sex Offender with Enhancement for Crime of Violence

This criminal complaint is based on these facts:

See attached declaration of USMS Deputy Jimmy Vestal.

☑ Continued on the attached sheet.

APPROVED AS TO FORM:

OWEN MARTIKAN, AUSA

Sworn to before me and signed in my presence.

Date: 5·20·2011

City and state: San Francisco, California

*Complainant's signature*

USMS Deputy Jimmy Vestal
*Printed name and title*

*Judge's signature*

Hon. Jacqueline S. Corley, US Magistrate Judge
*Printed name and title*

## AFFIDAVIT SUPPORTING COMPLAINT
## AGAINST BRIAN SIMONESCHI

I, Jimmy Vestal, Deputy United States Marshal (DUSM) employed by the United States Marshals Service (USMS), having been duly sworn state:

## I. INTRODUCTION AND AGENT BACKGROUND

1. The purpose for this complaint is to obtain an arrest warrant for BRIAN SIMONESCHI for violating 18 U.S.C. § 2250(a) and (c), Knowing Failure to Register as a Sex Offender with Enhancement for Commission of a Crime of Violence.

2. I have been employed with the United States Marshals Service for approximately sixteen years, and I am currently assigned to the USMS Northern District of California. My duties include the execution of local, state and federal arrest warrants and the investigation of individuals that are convicted sex offenders who have failed to register as required by Title 18 United States Code § 2250, also known as the Adam Walsh Child Protection and Safety Act of 2006.

## II. APPLICABLE CRIMINAL STATUTES

3. Title 18 United States Code §2250 provides, in pertinent part, that:

(a) Whoever –

(1) is required to register under the Sex Offender Registration and Notification Act . . .
[and] travels in interstate or foreign commerce . . . ; and

\* \* \*

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

\* \* \*

(b) Crime of Violence –

An individual described in subsection (a) who commits a crime of violence under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States shall be imprisoned for not less than 5 years and not more than 30

1

years.

4.     In pertinent part, Title 42 United States Code §16913(a) reads as follows:

> A sex offender shall register, and keep the registration
> current, in each jurisdiction where the offender resides, where the
> offender is an employee, and where the offender is a student.

In addition, Title 42 United States Code §16913(c) provides the following sex offender
registration requirements:

> A sex offender shall, not later than 3 business days after
> each change of name, residence, employment, or student status,
> appear in person in at least 1 jurisdiction involved pursuant to
> subsection (a) of this section and inform that jurisdiction of all
> changes and the information required for that offender in the sex
> offender registry.

5.     Title 42 United States Code §16911 defines a "sex offender" as "an individual
who was convicted of a sex offense." "Sex offense" is in turn defined in Title 42 United States
Code §16911(5) in relevant part as, among other things, "a criminal offense that has as an
element involving a sexual act or sexual contact with another," and "a criminal offense that is a
specified offense against a minor."

## III.    FACTS CONSTITUTING PROBABLE CAUSE

6.     I have spoken with and reviewed documentary evidence obtained by Senior
Inspector Deputy U.S. Marshal Brandon Taylor from the USMS Eastern District of North
Carolina, with respect to an investigation begun in that district into whether BRIAN
SIMONESCHI has violated 18 U.S.C. §2250 and other federal criminal statutes. I learned the
following from Deputy Taylor:

### A.    SIMONESCHI's State Law Registration Requirements.

7.     On August 15, 2008, Brian A. SIMONESCHI was convicted of California Penal
Code 647.6(a)(1) (Annoying/Molesting a Child under 18) and sentenced to 48 months probation.
On August 21, 2008, SIMONESCHI reported to the San Bernardino County Sheriff's Office,
was given instructions in his sex offender registration requirements under California law, and
signed a California Notice of Sex Offender Registration Requirement form SS-8047. This form
notifies convicted sex offenders that they must register annually with the State of California and
notify the California Department of Justice of any change of address within five days if in
California, or within ten days if residence is established outside the State of California. This
form also states that all convicted sex offenders must register for the rest of their lives.

2

8. On November 18, 2008, SIMONESCHI reported to the Cumberland County, North Carolina, Sheriff's Office and was given instructions in his sex offender registration requirements under North Carolina law and signed a North Carolina Sex Offender Notice of Duty to Register form. This form requires convicted sex offenders to register annually with the State of North Carolina and to notify the North Carolina Sex Offender Registry of any change of address within three days. This form also states that all convicted sex offenders must register for at least 10 years from the date of the initial registration.

## B. SIMONESCHI Travels From North Carolina to California.

9. In February, 2009, the Cumberland County Sheriff's Office attempted to make contact with SIMONESCHI, who had enlisted in the Army, and learned that he was absent without leave (AWOL) from the United States Army and no longer residing at his last known address in Fort Bragg, North Carolina. On February 20, 2009, the Cumberland County Sheriff's Office obtained an arrest warrant charging SIMONESCHI with failing to update his sex offender registration as required by North Carolina law.

10. On May 10, 2009, SIMONESCHI was stopped and questioned by a police officer in Walnut Creek, California after he was seen walking on a roadway against traffic.

11. SIMONESCHI provided the following information to police officers in Walnut Creek Police Department:

SIMONESCHI had not registered as a sex offender since leaving Fort Bragg, North Carolina, in November, 2008. SIMONESCHI knew there was an outstanding warrant for his arrest in North Carolina, and that he was not in compliance with the terms of his sex offender registration requirements. SIMONESCHI had been staying with his father in Hemet, California, but in late February, 2009, had left Hemet and had lived as a transient since then. SIMONESCHI took a bus from Hemet to Oakland, California sometime around April 20, 2009. He had spent the previous two weeks living in Walnut Creek, either at a Motel 6 or at the BART station.

12. On September 24, 2009, the United States Army contacted the Cumberland County Sheriff's Office and advised that SIMONESCHI had returned to Fort Bragg and was awaiting out-processing from the Army. At this time, SIMONESCHI was confined to Fort Bragg by military authorities because he had gone AWOL on January 31, 2009.

## C. SIMONESCHI Commits More Sex Offenses in California.

13. On October 2, 2009, the District Attorney of Contra Costa County, California, charged SIMONESCHI with ten counts of violating California Penal Code 288(c)(1) (Lewd Act Upon a Child Age 14-15) and one count of violating California Penal Code 836.6(b) (Escape From Peace Officer After Arrest).

14. SIMONESCHI was extradited from North Carolina to California based on the charged sex offenses in Contra Costa County. He was convicted of these crimes on April 8, 2010. The sex offenses of which SIMONESCHI was convicted took place on the following dates: October 24, 2008; October 25, 2008; November 1, 2008; November 8, 2008; November 9,

3

2008; December 13, 2008; February 3, 2009; February 4, 2009; February 14, 2009; May 7, 2009; June 11, 2009.

15.     According to the criminal investigation conducted by the Contra Costa County Sheriff's Office, SIMONESCHI and the child victim met on an internet chat site in approximately September, 2008, and began communicating via the Internet and web cams while SIMONESCHI was stationed in Fort Bragg. SIMONESCHI traveled to Walnut Creek, California to meet the child victim on October 24, 2008. On this date, SIMONESCHI had sexual intercourse with her. He continued having sexual intercourse with the child victim on a regular basis until March, 2009, when the child victim tried to make him stop. SIMONESCHI coerced the victim to meet with him again on May 7, 2009, when he had sexual intercourse with her again.

## D.     SIMONESCHI Fails to Register in California and North Carolina.

16.     Under North Carolina General Statute §14-208.7, SIMONESCHI must maintain proper sex offender registration for 30 years from the date of initial registration in North Carolina based upon his conviction under North Carolina General Statute 14-27.3. Thus, his obligation to maintain proper registration would have begun upon his establishment of residence in North Carolina on November 18, 2008, and extended until approximately November 18, 2038. Under California law, SIMONESCHI must maintain proper sex offender registration for the rest of his life based upon his conviction under California Penal Code 647.6(a)(1).

17.     On August 25, 2010, USMS Deputy Taylor contacted the North Carolina State Bureau of Investigation - Sex Offender Coordination Unit (NCSBI). The NCSBI indicated that SIMONESCHI was first registered with the North Carolina Sex Offender Registry on November 18, 2008. On January 14, 2009, the Cumberland County Sheriff's Office notified the NCSBI of SIMONESCHI'S new address in Fort Bragg, NC. On March 18, 2009, the Cumberland County Sheriff's Office notified the NCSBI that SIMONESCHI had absconded and failed to update his sex offender registration as required by law. On September 24, 2009, SIMONESCHI'S sex offender registration was updated to reflect his return to the United States Army in Fort Bragg, NC.

18.     On August 25, 2010, USMS Deputy Taylor contacted the California Department of Justice – Sex Offender Tracking Program (CDOJ). The CDOJ advised that SIMONESCHI was first registered with the California Sex Offender Registry on August 21, 2008. On November 12, 2008, SIMONESCHI was registered as out of state residing at Fort Bragg, NC. SIMONESCHI was next registered as a transient on the following dates: June 1, 2009, July 1, 2009, July 31, 2009, and August 27, 2009.

19.     It therefore appears that from at least February 1, 2009, until June 1, 2009, in California, and from at least February 1, 2009, until September 24, 2009, in North Carolina, BRIAN SIMONESCHI was out of registration status after having travelled in interstate commerce in violation of 18 U.S.C. §2250(a), Failure to Register as a Sex Offender. It also appears that on February 3, 4, and 14, 2009, and on May 7, 2009, BRIAN SIMONESCHI was in violation of Title 18 United States Code §2250(c), the Violent Crime enhancement, because he committed a federal crime of violence on a child victim while in violation of 18 USC §2250(a).

4

## IV.   CONCLUSION

20.   Based on the facts summarized above, I believe that BRIAN SIMONESCHI has failed to properly maintain and update his sex offender registration in violation of 18 U.S.C. § 2250(a); and while doing so has committed a crime of violence in violation of 18 U.S.C. § 2250(c). I respectfully request the issuance of a warrant for his arrest.

Jimmy Vestal
Deputy United States Marshal
United States Marshals Service

Sworn before me on this 20th day of May, 2011 in San Francisco, California

Hon. Jacqueline S. Corley
United States Magistrate Judge
Northern District of California, San Francisco

5