MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6758
   Facsimile: (415) 436-6753
   E-Mail: owen.martikan@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No: CR11-0736 SI |
| v. | THE UNITED STATES' SENTENCING MEMORANDUM |
| BRIAN SIMONESCHI, | Hearing: February 10, 2012<br>Time: 11:00 am |
| Defendant. | Court: Hon. Susan Illston |

**INTRODUCTION**

Defendant Brian Simoneschi comes before the Court to be sentenced following his conviction for failing to register as a sex offender with enhancement for crime of violence, in violation of 18 U.S.C. § 2250(a) and (c).  Tosti was convicted based on his guilty plea pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C).  The Probation Office has calculated a Total Offense Level of 19, and a Criminal History Category of III, yielding a sentencing guidelines range of 37-46 months, with a mandatory consecutive five-year prison term to be imposed for committing a crime of violence while in a failure to register status.

The Probation Office recommends a sentence of 97 months imprisonment, the low end of the guidelines range, followed by five years on supervised release. The parties and Probation agree that Simoneschi should pay $6,000 in restitution to the minor victim in this case.

The United States agrees with the Probation Office's sentencing recommendations.

## STATEMENT OF FACTS

Defendant Brian Simoneschi began an online relationship with a 14-year-old girl in October, 2008, when he was 26 years old and in the army. Simoneschi's contact with the girl came just two months after he was sentenced to probation on his previous conviction for masturbating while watching children play at a playground. Within weeks of meeting the girl online, Simoneschi arranged a meeting with her, traveled to meet her, and took her to a Motel 6 where they had sexual intercourse. Over the following six months, Simoneschi had sex with the victim about seven times, including oral and vaginal intercourse. In November or December, 2008, Simoneschi went AWOL from the army, and spent the next six months living in a motel and having sex with the 14-year-old victim. Simoneschi has admitted that he knew the victim was 14 years old while he was having sex with her. When the victim told Simoneschi that she no longer wanted to have sex with him, Simoneschi followed her home, stormed into her parents' apartment, and assaulted the victim's stepfather. He was arrested but released several days later, and lived as a transient from the next several months until his arrest for lewd acts with a minor in October, 2009, after which he has been in continuous custody.

Simoneschi was a registered sex offender from the time he met the minor victim, but stopped registering as required from the time he went AWOL from the army until his arrest at the victim's apartment.

## SENTENCING RECOMMENDATION

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 245 (2005), this Court may consider any of the sentencing factors set forth in 18 U.S.C. § 3553(a) when imposing sentence, irrespective of the sentencing guidelines calculation applicable to the offense of conviction. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). These sentencing factors include the nature and circumstances of the offense and the history and

characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.

## I.     THE GUIDELINES CALCULATION.

At the beginning of the sentencing process, the Court must properly calculate the sentencing guidelines range, based on the defendant's Criminal History Category and the guidelines applicable to the defendant's particular offense.  There does not appear to be any dispute that the appropriate Criminal History Category is III, and that the appropriate offense level is 19, yielding a sentencing guidelines range of 97-106 months when the five year mandatory sentencing enhancement is included.

## II.    APPLICATION OF THE STATUTORY SENTENCING FACTORS.

The statutory sentencing factors support the 97-month sentence recommended by Probation and the United States in this case.  Two factors in particular – the nature of the offense and the need to protect the public – predominate and suggest that a low-end guideline sentence is necessary.

The offense in this case, failure to register as a sex offender, is noteworthy because it was done specifically so that Simoneschi could avoid detection while he victimized a 14-year-old girl. There is no dispute that Simoneschi knew about his registration obligations, as he had registered at least twice before.  And there is no reasonable doubt that Simoneschi knew that moving from Fort Bragg, North Carolina, where he was stationed, to California would trigger a registration obligation.  The sole reason that Simoneschi went AWOL from the army and stopped registering as a sex offender was so that he could cross the country undetected and have sex with a minor. This case, therefore, is different from other failure to register cases in which, for example, the defendant can plausibly claim that he does not understand, or is confused by, the intricacies of the federal sex offender registration statutes.  Here, Simoneschi knew exactly what he was doing, and it is a logical conclusion that would never have fled from his army base, or failed to register, if not for his sexual interest in the minor victim.

The need to protect the public from this defendant is another substantial factor in determining the sentence in this case. Simoneschi has admitted to a sexual interest in minors, and he has two previous convictions for crimes in which he has acted on that interest. His second crime began just weeks after his sentencing for the previous crime, and his failure to register violation took place just two months after that. In her letter to the Court, the minor victim describes a relationship that was less like the "consensual" relationship portrayed by the defense, and more like a stalking crime. Simoneschi has a compulsion to pursue minors that he appears unable to control, and the Court should protect the public from him.

It is true that Simoneschi has already served some time for his molestation of the minor victim, although the sentence was rather short, considering the crime and his previous criminal history. But Simoneschi's failure to register was a substantial component in that crime, because it allowed him to live for six months in a motel undetected, and to continue molesting the minor victim until she finally told him that she had had enough. In this context, the registration requirement is not an administrative abstraction; it is the only way for law enforcement to keep track of sexual predators and possibly prevent them from committing additional crimes. Repeat sexual predators like Simoneschi must receive the message, in the strongest possible terms, that they cannot decide when they will and will not comply with the sex registration requirements.

## CONCLUSION

The United States recommends imposition of a 97-month sentence, followed by five years on supervised release and a restitution payment of $6,000 to the minor victim in this case.

DATED: February 3, 2012            Respectfully submitted,

                                   MELINDA HAAG
                                   United States Attorney


                                   _____/s/_____
                                   OWEN P. MARTIKAN
                                   Assistant United States Attorney